In the Matter of CHESTER VINCENT GRYNIEWICZ, an Attorney, Respondent. ONONDAGA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, October 31, 1974.

*George T. Dunn* for petitioner.

*Per Curiam.* The respondent Chester V. Gryniewicz was admitted to the practice of law in this Department on November 5, 1959.

On February 20, 1970 he was retained by Mrs. Bernice A. Burkhardt to handle all matters in connection with her recently deceased husband's estate. On April 29, 1970, respondent submitted a statement to Mrs. Burkhardt for legal services rendered for which he was paid in full. Itemized in the statement as of April 20, 1970 was the following: "Presented application for no tax order to State Tax Commissioner for approval. Obtained Surrogate's Court Order — Recorded same."

Although the papers before us reveal that the petition and schedules were fully prepared and signed by Mrs. Burkhardt, they were never filed. Consequently the proposed order of exemption was not signed by the Surrogate, nor was the proposed notice of appearance and consent executed by the Attorney for the State Tax Commission. Further, respondent represented to his client that upon payment of his fee everything in connection with her husband's estate had been done and that all necessary papers had been signed and filed in the Onondaga County Surrogate's office. The respondent does not dispute these essential facts which were developed before a committee of the petitioner Bar Association in March, 1974, but merely stated to petitioner that he believed this matter had been completed and that through the "inadvertence" of his office it had not.

Despite the persistent efforts of petitioner Bar Association, respondent has failed and refused to file and complete the estate tax proceedings in this estate. Upon the return date of this matter before this court, respondent chose not to appear.

We conclude that respondent's failure and refusal to complete the estate tax proceedings for which he had been paid and his conduct in dealing with this complaint constitute professional misconduct under the Code of Professional Responsibility (DR 1 — 102[A] [4] [6]).

584

In view of this misconduct as found herein, the respondent should be suspended from the practice of law for a period of three months effective November 15, 1974 and until the further order of this court. The effective date of this suspension is not made immediately concurrent with the date of the order herein for the reason that it is expected that respondent will complete the services for which he has been paid.

MARSH, P. J., WITMER, MOULE, MAHONEY and GOLDMAN, JJ. concur.

Order of suspension entered.